UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GOING EASY EXTRACTIONS, LLC,

                         Plaintiff,                  5:24-cv-396 (BKS/ML)

v.

DOUGLAS S. HIRSH, RADOVAN HRINDA, TOM
RALSTON, UCIT PE LLC,

                         Defendants.

---

**Appearances:**

*For Plaintiff:*
Thomas J. Cerio
Cerio Law Offices
215 East Jefferson Street
5th Floor
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## ORDER TO SHOW CAUSE

Plaintiff Going Easy Extractions, LLC filed this action against Defendants Douglas S. Hirsh, Radovan Hrinda, Tom Ralston, and UCIT PE, LLC asserting that this Court has jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (stating that "[i]t is well established that for a case to fit within [§ 1332], there must be 'complete' diversity" between plaintiffs and defendants (citation omitted)).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))). "[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96–97 (E.D.N.Y. 2019) (quoting *Advani Enter. Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)). "The party asserting subject matter jurisdiction . . . 'bears the burden of showing a factual basis for jurisdiction by a preponderance of the evidence.'" *Id.* (citation omitted).

Plaintiff's Complaint asserts that the jurisdictional amount is met here and that the action "is between citizens of different states." (Dkt. No. 1, ¶ 9). According to the Complaint, Plaintiff Going Easy Extractions, LLC "is a foreign corporation, organized, operating, existing, and doing business in the State of Maine" and "has been administratively dissolved by the State of Maine." (*Id.* ¶ 11). Plaintiff alleges that during the events described in the Complaint, Going Easy Extractions, LLC was co-owned by Russell Carfagno, "a natural person residing in" New York State, with Harvey Paul, Ron Fousek and Ta V Da, Inc. (*Id.* ¶¶ 1, 3).[1]

---

[1] The Court notes that "[i]t is 'well-established that allegations of residency alone cannot establish citizenship.'" *Innovative Inflatables, LLC v. Ally Bank*, 602 F. Supp. 3d 315, 318 (D. Conn. 2022) (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir. 1997)). "An individual's citizenship for diversity purposes is determined by his or her *domicile*, as opposed to residence." *Id.* (quoting *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)).

The Complaint also states that Defendants Hirsh and Ralston are "natural person[s] residing" in New York State and that Defendant Hrinda "is a natural person residing" in New Jersey. (*Id.* ¶¶ 4–6). Defendant UCIT PE, LLC "is a foreign corporation, organized, operating, and existing, and doing business in the State of Texas." (*Id.* ¶ 7).

"[A] limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N. Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (quoting *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 2013 F.3d 48, 51–52 (2d Cir. 2000)); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) (finding that "complete diversity of parties is lacking because some of the members of [the plaintiff limited liability company] are citizens of Kentucky and [the defendant] is also a citizen of Kentucky"). As the Complaint does not identify the members of Going Easy Extractions, LLC or UCIT PE, LLC, or the citizenship of each member, the Court cannot determine whether there is complete diversity of citizenship among the parties.

Finally, Plaintiff states in its Complaint that it "has been administratively dissolved by the State of Maine." (Dkt. No. 1, ¶ 11). Plaintiff does not address what effect, if any, the dissolution of Going Easy Extractions, LLC has on Plaintiff's citizenship for purposes of the diversity statute. *See, e.g.*, *Tri-Cnty. Metro. Transp. Dist. of Or. v. Butler Block, LLC*, No. 08-cv-259, 2008 WL 2037306, at *1–3, 2008 U.S. Dist. LEXIS 38639, at *2–7 (D. Or. May 7, 2008) (looking to the law of the state of incorporation and defendant LLC's operating agreement in evaluating dissolution of member LLC for purposes of determining whether diversity jurisdiction existed when the complaint was filed); *see also Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2, 2013 U.S. Dist. LEXIS 1127, at *7 (S.D.N.Y. Jan. 3, 2013) ("The

question of whose citizenship constitutes part of the LLC's citizenship is ultimately governed by the law of the state of incorporation.").

Accordingly, it is

**ORDERED** that Plaintiff shall file a memorandum, not to exceed fifteen pages by April 26, 2024, showing cause why this action should not be dismissed for lack of subject matter jurisdiction; and it is further;

**ORDERED** that if Plaintiff maintains that there is complete diversity between the parties, Plaintiff shall submit supporting evidence, including affidavits identifying the citizenship of each member of Going Easy Extractions, LLC and UCIT PE, LLC.

**IT IS SO ORDERED.**

Dated: April 5, 2024
Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge